**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **HECTOR DE JESUS CISNEROS LOPEZ,**<br><br>**Petitioner,**<br><br>v.<br><br>**LUIS SOTO,** *in his official capacity as Warden of Delaney Hall Detention Facility, et al.,*<br><br>**Respondents.** | **Civil Action No.: 25-17353 (ES)**<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

1.      On November 10, 2025, petitioner Hector de Jesus Cisneros Lopez ("Petitioner"), through counsel, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (D.E. No. 1 ("Petition" or "Pet.")).  According to the Petition, Petitioner is confined as an immigration detainee at the Delaney Hall Detention Facility in Newark, New Jersey.  (*Id.* ¶ 1).

2.      On November 11, 2025, Petitioner moved for the issuance of an order to show cause ("OTSC").  (D.E. No. 2 ("Motion for OTSC")).  Pursuant to 28 U.S.C. § 2243, Petitioner asks the Court to enter an OTSC, requiring Respondents to show cause why a writ of habeas corpus should not be granted within three days and providing Petitioner an opportunity to file a reply within seven days after Respondents file their return.  (*Id.* ¶ 7).  According to Petitioner, giving

---

[1]      Petitioner names as respondents (in their official capacities) Luis Soto, Warden of Delaney Hall Detention Facility; John Tsoukaris, Field Office Director of Immigration and Enforcement ("ICE"), Enforcement and Removal Operations Newark Field Office; Todd Lyons, Acting Director of U.S. ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Bondi, United States Attorney General ("Respondents").  (Pet. at 1, ¶¶ 12–16).

Respondents additional time to respond is inappropriate because he faces irreparable harm to his mental and physical health ss a result of his detention. (*Id.* ¶ 8). He refers to a serious physical assault and injuries he allegedly suffered in his home country (Guatemala) when he was approximately eleven years old and had been abandoned by his father (Petitioner is currently thirty-three years old), and he asserts that his current confinement has exacerbated his mental and physical trauma (and separated him from his long-term partner and U.S. citizen minor child who rely on him for support). (*Id.* ¶ 8; Pet. ¶ 11).

3.      On November 11, 2025, Petitioner also filed a motion for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1. (D.E. No. 3 ("Motion for TRO")). Petitioner asks the Court "to enjoin[ ] the Respondents from moving the Petitioner outside of the State of New Jersey during the pendency of these proceedings." (*Id.* at 1). According to Petitioner, a transfer will severely prejudice his ability to prosecute the case in this jurisdiction and result in severe disruption to his relationship with counsel. (*Id.* at 3–4).

4.      28 U.S.C. § 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)). Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"),

applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243." *Id.*; *see also Iremashvili*, 2017 WL 935441, at *2–4 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Rule 4 supersedes § 2243).

5.     Under Rule 4, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is entitled to relief." "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4.

6.     This Court has screened the Petition for dismissal pursuant to Rule 4, and has determined that dismissal without an expedited answer and production of the record is not warranted.

7.     Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court.  Accordingly, the Motion for TRO is denied as moot.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 13th day of November 2025,

**ORDERED** that Petitioner **SHALL NOT** be **TRANSFERRED** from the District of New Jersey or **REMOVED** from the United States pending further order of this Court; and it is further

**ORDERED** that Petitioner's Motion for OTSC (D.E. No. 2) is **DENIED**; and it is further

**ORDERED** that Petitioner's Motion for TRO (D.E. No. 3) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Motions pending at D.E. Nos. 2 and 3; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of the Petition (D.E. No. 1), the attachments (D.E. Nos. 1-1 & 1-2), the Motion for OTSC (D.E. No. 2), the Motion for TRO (D.E. No. 3) and this Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of Court shall forward the Petition (D.E. No. 1), the attachments (D.E. Nos. 1-1 & 1-2), the Motion for OTSC (D.E. No. 2), the Motion for TRO (D.E. No. 3) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order, Respondents shall electronically file a full and complete answer to the Petition (D.E. No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

4

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of Court.

_s/Esther Salas_
**Esther Salas, U.S.D.J.**